UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT T. BLOUGH and GWENDOLYN K. BLOUGH, husband and wife, and the marital community composed thereof, individually, and as Trustees for the BLOUGH LIVING TRUST; WILLIAM L. FEHR and DIANE L. FEHR, husband and wife, and the marital community composed thereof; SOOK JUN JI, individually; JEFFREY L. OLIPHANT and SANDRA C. OLIPHANT, husband and wife, and the marital community composed thereof, individually and as Trustees for the JEFFREY AND SANDRA OLIPHANT LIVING TRUST; on behalf of themselves, and others similarly situated, | NO.  C12-1493 RSM  ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF FROM DEADLINES AND CONTINUATION OF TRIAL DATE |
| Plaintiffs, | |
| v. | |
| SHEA HOMES, INC., a Delaware corporation, | |
| Defendant. | |

THIS MATTER comes before the Court on Motion for Relief from Deadlines and Continuation of the Trial Date by Defendant Shea Homes, Inc. Dkt. # 137. Defendant moves the Court to extend pre-trial and trial dates in this action by three months in light of previous continuations to the briefing schedule for Plaintiffs' motion for class certification. Plaintiffs have opposed the motion. Having considered the parties' briefs and the relevant record and for the reasons set forth herein, the Court grants Defendant's Motion in part.

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES – 1

**Procedural Background**

On March 1, 2013, the Court set a Scheduling Order establishing a November 14, 2013 notice deadline for Plaintiffs' motion for class certification. *See* Dkt. # 24. The Scheduling Order provided a four-month window between the class certification notice deadline and the deadline for expert witness reports on March 12, 2014 and established five and six month windows between the class certification notice date and the deadlines for discovery motions and the close of discovery (April 11 and May 12, 2014, respectively). *Id.*

Following the entry of the Scheduling Order, the parties agreed to changes in the briefing schedule on class certification and limited corresponding adjustments to the overall case schedule. On September 26, 2013, the Court entered a stipulated order continuing the deadline for motion for class certification to November 18, 2013 and providing that all 2014 deadlines remain unchanged. Dkt. # 52. The parties stipulated twice thereafter to further extensions. The parties initially agreed to continue the class certification motion deadline to January 24, 2014 in light of ongoing mediation and the pending holiday season. Dkt. # 95. Finally, the parties re-noted the class certification motion for March 7, 2014, in light of Plaintiffs' filing of an Amended Complaint and Amended Motion for Class Certification, adding new plaintiffs and changing class definitions, and in light of Defendant's need for additional time to take depositions in order to oppose Plaintiff's class certification motion. Dkt. # 111. Neither of these latter two stipulations addressed 2014 deadlines following those for class certification.

Defendant Shea Homes, Inc. ("Shea") filed the instant motion on February 27, 2014, requesting the Court restore the original windows between the notice date for Plaintiff's

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES – 2

Motion for Class Certification and remaining case deadlines by extending pre-trial and trial dates by three months. *See* Dkt. # 137. Shea contends that continuance is necessary to ensure that the parties can shape expert work, fact discovery, and other aspects of litigation around the class determination. Plaintiffs oppose continuance on the grounds that the request is premature and unsupported by good cause. *See* Dkt. # 140.

## Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the district judge. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Mere failure to complete discovery by the Court-ordered deadline does not constitute good cause for continuance. LCR 16(b)(4).

The Federal Rules of Civil Procedure also recognize the importance of determining class status at a relatively early stage in litigation. Rule 23(c)(1)(A) requires the Court to determine class certification "[a]t an early practicable time after a person sues or is sued as a class representative." This District has given effect to this timing requirement by providing a 180-day window for plaintiffs to move for class certification after filing a class action complaint. LCR 23(i)(3).  These rules allow a clear definition of the action to emerge at a sufficiently early stage such that the parties can shape litigation in accordance with the parameters of the putative class. *See Molina v. Café Rio, Inc.*, 2013 WL 7174022, *2 (C.D. Cal. 2013)(explaining that the rules' purpose is "to give a clear definition to the parameters of the putative class, to outline the claims involved to the class action and to apprise the defendants of their potential liability as soon as practicable");  *Bertrand ex rel. Bertrand v.*

*Maram*, 495 F.3d 452, 455 (7th Cir. 2007)("Class-action status must be granted (or denied) early not only to avoid problems with mootness…but also to clarify who will be bound by the decision.").

At the same time, there is no hard and fast rule to the precise stage in litigation when class certification must be determined. In softening the former requirement for courts to determine class certification "as soon as practicable after commencement of an action," the 2003 Amendments to Federal Rule of Civil Procedure 23(c) recognized that "there are many valid reasons that may justify deferring the initial certification decision," such as the need to accommodate discovery or motions to dismiss or for summary judgment. *See also*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (2009). District courts retain broad discretion to control the class certification process in particular and the pre-trial phase of litigation in general. *See Id.* at 942 (holding that it was not procedurally improper for the district court to consider class certification three weeks before the discovery cutoff); *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 607 (9th Cir. 1992).

Here, neither party disputes that there was good cause for continuing Plaintiff's Motion for Class Certification in response to ongoing mediation, the utility of discovery on class certification, and the changes to subclasses effected by Plaintiff's amended complaint. Rather, the parties disagree as to whether good cause exists to extend remaining case deadlines. While Shea contends that both parties require an opportunity to shape litigation in response to the Court's decision on class certification, Plaintiffs contend that Shea puts forward its present motion to mask its foot-dragging during discovery. Plaintiffs point out that it was clear to both sides that no limitations were being placed on the scope of discovery and

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES – 4

that both have been equally positioned to conduct discovery on class certification issues and the case merits.

Taking these considerations into account, the Court finds that Defendant has shown good cause to effect a limited modification of the Scheduling Order. In assessing whether there is "good cause" under Rule 16(b) to modify the pre-trial schedule, the Court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. While the extent of Defendant's diligence may be questionable, the Court cannot find that it has been entirely lacking nor that Defendant's reasons for seeking a continuance are unsound. At least one of the extensions on class certification was driven by changes affected by Plaintiffs' amendments to its complaint and motion. Moreover, the demands of this Court's calendar have prevented it from ruling on Plaintiff's class certification motion sufficiently close to the current March 7, 2014 noting date to allow the parties to shape remaining discovery accordingly. Given that the class certification issue remains pending, proceeding with a September trial date is patently unreasonable and prevents both parties from taking class issues sufficiently into account. At the same time, the Court finds that a three-month continuance is excessive and a ten-week continuance is sufficient giving ample opportunity to conduct merits discovery, the parties' manifested intention to maintain pre-trial deadlines, and this Court's prerogative to maintain the speedy and inexpensive determination of actions pending before it. *See* Fed. R. Civ. P. 1.

## Conclusion

Accordingly, the Court hereby ORDERS that Defendant's Motion for Relief from Deadlines (Dkt. # 137) shall be GRANTED in part. All deadlines established in the Order

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES – 5

Setting Trial Date & Related Dates (Dkt. # 24) subsequent to the deadline for motion for class certification shall be continued for <u>ten (10) weeks</u>. The Clerk is directed to issue a modified Scheduling Order in accordance with this determination.

Dated this 10th day of April 2014.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES – 6